UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| RICHARD BURSON, | ] |
| Plaintiff, | ] |
| vs. | ] 7:10-CV-00460-LSC |
| LIBERTY LIFE ASSURANCE COMPANY of BOSTON, | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

Pending is Plaintiff's Motion to Dismiss Defendant's Counterclaim. (Doc. 8.) Plaintiff Richard Burson filed suit against Defendant Liberty Life Assurance Company of Boston ("Liberty Life") claiming that Defendant violated several provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, in denying his long term disability claim under his employer's insurance policy. (Doc. 1 at 6-15.) Under theories of unjust enrichment, ERISA equitable recovery, and breach of contract, Liberty Life counterclaimed for funds it paid to Burson when it temporarily approved his disability claim because Burson also received funds from the

Social Security Administration ("SSA") for his disability.  (Doc. 4 at 16.) Burson now moves to dismiss that counterclaim, contending that Liberty Life cannot establish unjust enrichment, cannot comply with 29 U.S.C. § 1132(a)(3), and cannot bring state law contract claims because ERISA preempts them. (Doc. 8 at 2.)  The issues raised in Plaintiff's motion to dismiss are ripe for decision.  After considering the presented legal arguments and evidence, the motion is due to be denied.

II.   Facts.[1]

Richard Burson's employer, Bowater Incorporated, sponsored a long-term disability plan, administered by Liberty Life and covered by ERISA.  The plan contains a Social Security Reimbursement Agreement which requires Burson to refund excess disability payments from Liberty Life if the SSA

---

[1] Unless otherwise indicated, the facts are taken from the parties' pleadings, Plaintiff's complaint, (Doc.1.), and Defendant's answer, (Doc. 4.), and the Social Security Reimbursement Agreement attached as Exhibit A to Defendant's response to the motion to dismiss. (Doc. 12-2.)  The court may consider a document outside the pleadings, if the pleadings reference a document containing undisputed contents and that document is then attached to the briefing addressing the motion to dismiss.  *See Financial Sec. Assr., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). Liberty Life references the reimbursement agreement in its counterclaim, (Doc. 4, at 16.), and attached the agreement to its response brief. Burson does not dispute the contents of the agreement.  This Court thus references the agreement, in ruling on the motion to dismiss.

awarded him disability payments covering the same period. Burson worked over fifty hours a week as an electrical and instrumentation planner for Bowater, carrying monitors, computers, and other electronic parts to all areas of various job sites.

In early 2006, Burson became unable to work due to chronic neck pain. He then submitted a disability claim form, supported with medical documentation, to Liberty Life in July 2006. In February 2007, Liberty Life approved Burson for disability benefits, meaning he could not perform the "material and substantial duties of [his] own occupation." (Doc. 1 at 5.) The approval did request further medical documentation, however. After presumably reviewing the further documentation, Liberty Life terminated Burson's benefits in June 2007. Liberty Life denied Burson's appeal and refused to consider additional documentation that Burson sought to provide.

In February 2009, the SSA awarded Burson disability benefits, retroactive to September 2006. And in March 2010, Burson filed this suit claiming that Liberty Life failed to conduct a full and fair review of his claim and to provide him with all relevant information. Liberty Life responded by

counterclaiming for funds it paid Burson during a period for which SSA later compensated him.

III.   Standard of Review.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 545 (2007).[2]   But the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (internal citations omitted).  The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id*. at 570.  Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id*.

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)).  And "where the

---

[2]In *Bell Atlantic Corp. v. Twombly*, the U.S. Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). *Bell Atl. Corp.*, 550 U.S. at 560-63.  The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563.

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Therefore, the U.S. Supreme Court suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1950). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1951-52). However, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory."

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997).

IV.   Analysis.

    A.   Federal Common Law Remedy for Unjust Enrichment.

Liberty Life argues that it should be able to recoup monetary damages on a theory of unjust enrichment springing out of federal common law. (Doc. 12 at 10.)  "The inevitable incompleteness presented by all legislation means that interstitial federal lawmaking is a basic responsibility of the federal courts." *United States v. Little Lake Misere Land Co., Inc.*, 412 U.S. 580, 594 (1973).  But "[a] federal court may create federal common law based on a federal statute's preemption of an area only where the federal statute does not expressly address the issue before the court." *Nachwalter v. Christie*, 805 F.2d 956, 959 (11th Cir. 1986).  The issue before this Court involves Liberty Life's right, as a fiduciary, to claim for monetary relief stemming from a participant's contractual reimbursement obligation. Monetary relief is "the classic form of legal relief." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002).   Section 1132 addresses this issue, providing a fiduciary, Liberty Life, with the right to

only equitable relief. Congress chose "equitable" relief, proscribing the monetary relief that Liberty Life seeks. 29 U.S.C. § 1132(a)(3). This Court declines to tinker with Congress's drafting, because "[t]he authority of courts to develop a 'federal common law' under ERISA is not the authority to revise the text of the statute." *Merten v. Hewitt Assoc.*, 508 U.S. 248, 259 (1993) (citations omitted); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987) ("The deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive."); *Sanson v. Gen. Motors Corp.*, 966 F.2d 618, 622 (11th Cir. 1992) ("noting that the "six carefully integrated civil enforcement provisions . . . provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly").

Liberty Life cannot state a cause of action, as it does not have a federal common law right to sue for legal relief on a theory of unjust enrichment. It seeks equitable relief on a theory of unjust enrichment, Section 1132(a)(3) covers that claim, which the Court addresses next. *See*

*Commodity Futures Trading Comm'n v. Wilshire Inv. Management Corp.*, 531 F.3d 1339, 1345 (11th Cir.) (noting that restitution remedies unjust enrichment).

  B.  Equitable Relief.

Burson also argues that Liberty Life's counterclaim fails to plead a plausible claim under 29 U.S.C. § 1132(a)(3). To state a cause of action under Section 1132(a)(3), the claimant must show that it is an ERISA fiduciary and that it seeks equitable, not legal, relief. 29 U.S.C. § 1132(a)(3). Liberty Life is a fiduciary because it made the ultimate decision regarding Burson's eligibility for benefits. *See Blue Cross & Blue Shield of Alabama v. Sanders*, 138 F.3d 1347, 1353 n.4 (11th Cir. 1998). Liberty Life asserts that its counterclaim sets out a plausible claim for equitable relief, restitution.

Restitution is equitable if the action seeks to "restore to the [claimant] particular funds or property in the [respondent's] possession." *Admin. Comm for Wal-Mart Stores, Inc. Assoc. Health and Welfare Plan v. Horton*, 513 F.3d 1223, 1229 (11th Cir. 2008). Liberty Life seeks "a constructive trust and other equitable relief . . . over any benefits from the

Social Security Administration currently in the possession of Plaintiff." (Doc. 4 at 16.) Burson contends that Liberty Life must plead particularly identified and existing funds from which it seeks reimbursement.  (Doc. 13 at 2.) Liberty Life does so by seeking currently possessed Social Security benefits.

Burson also argues that 42 U.S.C. § 407(a) prohibits Liberty Life from seeking any Social Security benefits he now possesses.  (Doc. 8 at 4.) Section 407, in part, provides that "none of the moneys paid [as any part of Social Security] . . . shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." Liberty Life seeks money that the Social Security Administration paid to Burson.  It wants to impose a constructive trust over that money. Execution, levy, attachment, and garnishment are all collection mechanisms to secure an award of money damages, a legal remedy. *See*, *e.g. Great-West*, 534 U.S. at 210.  Conversely, a constructive trust is an equitable remedy.  *See*, *e.g.*, *United States v. Ramunno*, 599 F.3d 1269, 1273 (11th Cir. 2010).  Thus, Liberty Life does not seek to subject Burson's possessed Social Security funds to a legal process.

Section 407(a) also provides that the right "to any future payment under this subchapter shall not be transferable or assignable, at law or in equity." 42 U.S.C. § 407(a). Liberty Life does not seek rights to any future payments; rather it seeks monies already received. Section 407(a) does not prohibit Liberty Life's claim.

Though Liberty Life has stated a claim to existing Social Security funds in Burson's possession, Burson indicates that no funds exist. (Doc. 13 at 2.) Yet, in its answer, Liberty Life alleges a plausible theory of equitable relief.

C.   Breach of Contract.

Burson contends that ERISA preempts Liberty Life's state law claims for breach of contract. The Supreme Court in *Great-West* left this issue open: "We express no opinion . . . whether a direct action by petitioners against respondents asserting state-law claims such as breach of contract would have been pre-empted by ERISA." 534 U.S. at 220. Section 1144(a) provides that ERISA shall "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). The Eleventh Circuit confines "relate" as follows: "A party's state law claim 'relates' to an ERISA benefit plan for the purposes of ERISA

preemption whenever the alleged conduct at issue is intertwined with the refusal to pay benefits." *Franklin v. QHG of Gadsden, Inc.*, 127 F.3d 1024, 1029 (11th Cir. 1997).

Liberty Life's breach of contract claim, which seeks damages for failure to reimburse, does not implicate Burson's claim that Liberty Life failed to pay him benefits. Through a state-law contract claim, Liberty Life seeks enforcement of a plan provision under an ERISA-governed long-term disability plan. (Doc. 4 at 18.) Deciding this claim requires neither interpreting the underlying long-term disability plan nor adjusting how Liberty Life distributes benefits. Even though Burson alleges that Liberty Life refused to pay benefits later, this claim does not implicate any refusal to pay benefits. Liberty Life has already paid these ERISA benefits to Burson, who does not dispute the amount. Liberty Life's counterclaim is not intertwined with the allegation that it later refused benefits to Burson. Because the counterclaim rests on a contractual provision dictating neither the amount of, eligibility for, nor administration of benefits, it does not

"relate to" Burson's benefits under ERISA. Liberty Life thus alleges a plausible state law breach of contract claim.[3]

V.  Conclusion.

For the reasons stated above, Plaintiff Burson's motion to dismiss Liberty Life's counterclaim (Doc. 8.) is DENIED. A separate order conforming with this opinion will be entered.

Done this 3rd day of November 2010.

                            L. SCOTT COOGLER
                        UNITED STATES DISTRICT JUDGE

---

[3] Though Plaintiff does not challenge this Court's jurisdiction over the state law contract claim, this Court notes that it does have supplemental jurisdiction. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a). ERISA actions provide this Court with jurisdiction under 28 U.S.C. § 1331. As this Court has jurisdiction over Plaintiff's claim, Defendant's counterclaim for funds owed under the same insurance agreement falls within this Court's supplemental jurisdiction.